UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF LOUISIANA

| | |
|---|---|
| **DEREK BARDELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3245** |
| **JEFFERSON PARISH SCHOOL BOARD** | **SECTION "L" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff Derek Bardell's Motion for Appeal/Review of Magistrate Judge Janis van Meerveld's decision on Plaintiff's prior Motion to Compel. R. Doc. 125. Defendant Jefferson Parish School Board has filed a memorandum in opposition. R. Doc. 126.

**CASE BACKGROUND**

This case arises from the employment relationship between Plaintiff Derek Bardell and Defendant Jefferson Parish School Board. R. Doc. 1. Plaintiff alleges that Defendant engaged in employment discrimination, retaliation, harassment, and other charges because of his race as an African American and his age. *Id.* at 3, 5-6. Plaintiff was hired by Jefferson Parish School Board as a Dean of Student Services in 2007 and claims he was wrongfully demoted to a role as teacher in March of 2011. *Id.* at 2. Plaintiff alleges that in doing so, Defendant reduced his pay, deducted sick leave, and altered his retirement. *Id.* at 2. Plaintiff claims that over the course of ten years, Defendant wrongfully denied him over 80 promotions or jobs for which he applied and instead hired individuals other than African American males of lesser qualifications, including positions as Executive Director, Assistant Principal, and Principal. *Id.* at 5; R. Doc. 34. Plaintiff further claims he reported alleged illegal activity including his demotion, payment being taken away, and

1

employment file not being expunged, which resulted in Defendant's adverse retaliation of denying him these promotions. R. Doc. 1 at 5-6.

Plaintiff alleges (1) retaliation and (2) discrimination under Title VII of Civil Rights Act, 42 U.S.C. Section 2000 and Louisiana R.S. 23:01 et al., (3) harassment due in part to his race under 42 U.S.C. Section 2000 et. seq., (4) intentional infliction of emotional distress under La. C.C. art. 2315, (5) breach of employment contract by not removing derogatory comments and by reducing his pay, and (6) age discrimination under Employment Act 29 U.S.C. 626(e). *Id.* at 5-7. Plaintiff now seek back pay, front pay, non-pecuniary losses, past and future pecuniary losses, punitive damages, attorney fees and costs, and other damages. *Id.* at 8.

Defendant generally denies Plaintiff's allegations and asserts a total of sixteen defenses including but not limited to: Plaintiff is barred by estoppel; Plaintiff failed to reasonably mitigate damages and exhaust administrative remedies; Plaintiff is not entitled to the requested relief and damages; Defendant has fully complied with all applicable laws and has not discriminated or retaliated against Plaintiff; the alleged incidents and damages resulted solely from prior acts of the Plaintiff; and the Equal Employment Opportunity Commission did not find that Defendant violated any statute. R. Doc. 16 at 1-4.

Defendant filed a Motion to Dismiss for Failure to State a Claim, R. Doc. 75, which this court denied on July 25, 2022, R. Doc. 84.

**THE PRESENT MOTION**

This Court's review of Judge van Meerveld's decision requires some background on the motion on which Judge van Meerveld ruled. On September 20, 2022 Plaintiff filed a Motion for Sanctions, to Compel, and for Extension of Time. R. Doc. 90. In that motion, Plaintiff's counsel

argued that Defendant had not been compliant with the Plaintiff's attempts to schedule depositions, despite numerous attempts at contacting Defendant, and that Defendant's late notice that it would miss a deposition caused Plaintiff's counsel to incur fees; Plaintiff also suggested that Defendant has generally failed to produce documents and impeded discovery. Plaintiff asked the Court to take disciplinary measures allowed under Rule 37 for the Defendant's failure to take part in the deposition.

Defendant filed a memorandum in opposition to that motion. R. Doc. 99. In its response, Defendant contested Plaintiff's version of events regarding the sanctions issue, suggesting that Defendant's counsel had attempted to work with Plaintiff's counsel on scheduling and that he sought to reschedule because everyone in his household had been ill. R. Doc. 99 at 2. With regard to the Motion to Compel, Defendant argued that Plaintiff's counsel "continuously refuses to reissue and properly serve the subpoenas as ordered by the Magistrate." *Id.* at 4.

On October 31, 2022, Judge van Meerveld ruled on the Plaintiff's Motion for Sanctions and to Compel. R. Doc. 124. Judge van Meerveld found "fault on both sides," noting that it is "disruptive" to re-schedule a deposition so close to its occurrence but that, in this instance, defense counsel had been sick with COVID. *Id.* at 2. Judge van Meerveld found that it would be appropriate for Defendant's attorney to pay the rescheduling fee of $135. *Id.* at 3. She further ordered Plaintiff's counsel Anundra Martin to attend a one-hour professionalism CLE on November 17, due to Ms. Martin's "filing of this motion for sanctions, the tone of the attached communications, and other conduct in this litigation demonstrat[ing] a troubling lack of professionalism[.] *Id.* at 4. Judge van Meerveld noted that, since the deposition had already occurred, there was no discovery to compel. *Id.*

3

On November 1, 2022, Plaintiff filed the present Motion. R. Doc. 125. Plaintiff argues that the Defendant should be accountable for $5500, the "full loss" of rescheduling the deposition, R. Doc. 125-1 at 2, and objects to the Magistrate Judge's order that Plaintiff's counsel attend a professionalism seminar, arguing that it is Defendant's counsel, rather than Plaintiff's attorney, who has engaged in "unprofessional behavior" that should be sanctioned by the Court. *Id.* at 4.

In an opposition memo, Defendant argues that the bulk of the money sought by Plaintiff in sanctions was from legal fees that resulted from the date that Plaintiff's counsel chose; Defendant also rejected Plaintiff's characterization of Defendant's counsel's own behavior as "misrepresentations and outright untruths." R. Doc. 126.

**LAW AND ANALYSIS**

The standard of review for non-dispositive matters referred to a magistrate judge is extremely deferential.  A magistrate judge's written order on such an issue must stand unless "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). This standard has been applied within this circuit when parties ask district courts to review the orders of magistrate judges regarding sanctions. *See REC Marine Logistics, LLC v. Richard*, 2020 U.S. Dist. LEXIS 85606, *5. Therefore, Plaintiffs must clear a high hurdle for this Court to grant the instant motion.

Plaintiffs cannot make the required showing. It is evident that Magistrate Judge van Meerveld gave due consideration to Plaintiffs' arguments before making her ruling. This Court finds that Judge van Meerveld did not commit "clear error" when ordering the Defendant to reimburse to Plaintiff's counsel the $135 deposition fee; nor in ordering Plaintiff's counsel to

attend a professionalism seminar. The Court finds no issue with the analysis that Judge van Meerveld made of why $135 was appropriate rather than the $5500 award requested by Plaintiff:

> First, there is no evidence that an expedited fee was paid—the transcript was produced two weeks after the deposition, and the attached invoice reflects no extra fee for expediting. Rec. Doc. 112-9. Second, considering that the deposition was rescheduled only three days later, the court finds that any need to expedite the transcript in light of the dispositive motion filing deadline would already have existed. Plaintiff also asks for the costs counsel incurred to reschedule other matters—including purported lost hourly fees—in order to hold the deposition on September 22. Because plaintiff agreed to this date from among the alternatives offered, the court finds that defendant is not responsible for those fees.
>
> R. Doc. 124 at 3n.4.

Furthermore, it was not "clear error" for the Judge van Meerveld to order Plaintiff's counsel to attend a seminar on professionalism in federal courts. In this motion, Plaintiff argues that "tone" is not a violation of the Louisiana Professional Rule of Conduct. R. Doc. 125-1 at 3. But this is not the central behavior undergirding Judge van Meerveld's order that Plaintiff's counsel attend a professionalism seminar. It is, rather, the filing of the motion for sanctions, in addition to filing numerous other motions to compel without first correcting and reissuing subpoenas. The Magistrate Judge's conclusion that Plaintiff's counsel should attend a one-hour professionalism seminar was not "clearly erroneous or contrary to law," and this Court upholds the Magistrate Judge's order.

    Signed in New Orleans, Louisiana this 16th day of November, 2022.

_____
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE